A. A. VANTINE & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. November 14, 1907.)

No. 4,889.

CUSTOMS DUTIES—CLASSIFICATION—GRANITE LANTERNS—"DRESSED GRANITE"—"COMPLETED MANUFACTURED ARTICLES."

Imports in the form of pieces of granite dressed, cut, and bored, ready to be assembled as ornamental garden lanterns, are not "dressed granite" under Tariff Act July 24, 1897, c. 11, § 1, Schedule B, par. 118, 30 Stat. 159 [U. S. Comp. St. 1901, p. 1636], but should be classified as "completed manufactured articles," and as such are dutiable as unenumerated manufactured articles under section 6 (30 Stat. 205 [U. S. Comp. St. 1901, p. 1693]).

On Application for Review of a Decision by the Board of United States General Appraisers.

In the decision below the Board of General Appraisers, on the authority of a former board decision, G. A. 5,835 (T. D. 25,743), affirmed the assessment of duty by the collector of customs at the port of New York on imported merchandise invoiced as stone lanterns. These articles are described as follows in the opinion of the Board: The testimony shows that the "stone lanterns" when set up are from 2½ feet to 5 feet high, varying in width from 1 foot to 3 feet, made of granite and other stone. Photographs introduced in evidence show the pieces to have been cut and dressed, consisting of bases, dies, and caps, the top dies having holes or openings bored or cut through the ends, also one or more holes bored or cut through the sides thereof, through which artificial light may be projected. The photographs also respresent the pieces assembled in the form of monuments;, and it also appears from the evidence that these pieces are put together and set up in parks or graveyards.

Walden & Webster (Henry J. Webster, of counsel), for importers.
D. Frank Lloyd, Asst. U. S. Atty.

MARTIN, District Judge. The merchandise herein was assessed for duty by the collector of the port at the rate of 50 per cent. ad valorem as "dressed granite" under the provisions of paragraph 118 of the Tariff Act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule B, 30 Stat. 159 [U. S. Comp. St. 1901, p. 1636]). The importers protested, claiming said merchandise to be dutiable at 25 per cent. or 40 per cent. ad valorem under paragraph 94, or, alternatively, at 35 per cent. or 45 per cent. ad valorem, under paragraph 97 (30 Stat. 156 [U. S. Comp. St. 1901, p. 1633]) relating to earthy or mineral substances, or at 20 per cent. ad valorem under section 6 of said Act (30 Stat. 205 [U. S. Comp. St. 1901, p. 1693]), as unenumerated manufactured articles. The Board of General Appraisers sustained the assessment of duty by the collector, from which decision the importers appeal to this court.

From an examination of the photographs representing the merchandise and of the undisputed facts it seems to me apparent that they can only be classified as completed manufactured articles, that the component parts cannot be deemed "hewn, dressed, or polished stone for building or monumental purposes," but as stones that are parts of completed manufactured articles, called lanterns. These articles were formerly used in Japan as ornamental garden lanterns. They

159 F.—19

are brought here as curios. Counsel for the government contends that if they are not dutiable as hewn, dressed, or polished granite under said paragraph 118, then they should be classified under either paragraph 95 or 96. It was not claimed on argument that paragraph 97 was applicable, as they are not articles to be decorated. In order to be classified under either paragraph 95 or paragraph 96 they must be treated as bisque or earthen articles. I hold that they are neither. I find no paragraph specifically covering these manufactured articles, and they therefore should be classified under section 6 at 20 per cent. as unenumerated manufactured articles.

The decision of the Board of General Appraisers is reversed.